NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re AMAZON.COM SERVICES LLC,**
*Petitioner*

---

2026-146

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in Nos. 2:25-cv-00897-JRG-RSP, 2:25-cv-00961-JRG-RSP, 2:25-cv-00962-JRG-RSP, and 2:25-cv-00963-JRG-RSP, Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

Before CHEN, STOLL, and STARK, *Circuit Judges.*

PER CURIAM.

## O R D E R

Amazon.com Services LLC (Amazon) petitions for a writ of mandamus directing the United States District Court for the Eastern District of Texas ("EDTX") to stay these patent infringement proceedings.  Headwater Research LLC (Headwater) opposes.  Amazon replies.  For the reasons below, we deny the petition.

On August 27, 2025, Headwater filed two suits at the center of this petition.  It sued Google LLC in the United

States District Court for the Western District of Texas alleging Google's Firebase Cloud Messaging ("FCM") system infringes U.S. Patent No. 9,198,117 ('117 patent). We refer to this case, which has now been transferred to the Northern District of California, as the Google case. On the same day, Headwater also filed a complaint in EDTX alleging Amazon's own push messaging system (ADM) infringes the '117 patent and U.S. Patent No. 8,667,571 ('571 patent). We refer to this case as the Amazon case. Headwater also alleged Amazon infringes the '117 patent through its use of Google's FCM in combination with Amazon's proprietary software.

Amazon moved to stay the Amazon case pending the Google case, invoking the "customer-suit exception" to the first-to-file rule. Of particular note here, Amazon moved to stay the entire case, noting only in a footnote that "[i]f the Court is not inclined to stay [the claims directed to Amazon's ADM product], Amazon respectfully requests that the Court at least sever and stay the FCM claims." Appx576 n.7. On April 17, 2026, the magistrate judge recommended denying Amazon's request to stay the litigation. On May 14, 2026, the district court adopted the magistrate judge's order over Amazon's objections. This petition followed.

A district court has considerable discretion in managing its own docket, including when to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). On mandamus, we will not disturb a stay determination absent a clear and indisputable right to relief. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). The customer suit exception is meant to resolve litigation involving the "true defendant" of the infringement allegations in favor of other co-pending suits where the alleged infringer is simply the customer of the "true defendant." *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

Here, Amazon has not shown a clear and indisputable right to a stay by invoking the customer-suit exception. A

stay is not compelled in this situation, where the plaintiff's allegations involve two asserted patents, one of which is not asserted in the competing Google case. Further, Headwater asserts the '117 patent under two theories of infringement, where one accused system—ADM—relates only to Amazon, and the other system at least invokes some Amazon-specific applications and software.

The district court also considered the traditional stay factors based on the record before it and found that a stay was inappropriate, in part because the outcome of the Google case would not sufficiently simplify the Amazon case. We are not prepared to say that conclusion was so far outside the district court's considerable discretion in managing its own docket to take the extraordinary step of issuing mandamus. Nor are we prepared to say Amazon has shown a clear and indisputable right to severing and staying the FCM claims under the circumstances in which it comes before us. *See In re ZTE Corp.*, No. 2022-122, 2022 WL 1419605, at \*2 (Fed. Cir. May 5, 2022) (citations omitted) (finding petitioner who raised argument "in a one-line footnote . . . has not shown a clear right to have arguments raised in such a manner considered").

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

August 3, 2026
Date

Jarrett B. Perlow
Clerk of Court